**WATSON v. FIRST STATE BANK OF DAL-LAS. (No. 8316.)**

(Court of Civil Appeals of Texas. Dallas. May 15, 1920. Rehearing Denied June 19, 1920.)

Banks and banking ⚜⇒154(8)—Evidence insufficient to show guardian owner of funds held by bank.

In suit by next friend of a minor against a bank to recover money deposited with the bank by the minor's mother, the money having been so blended and intermingled by the mother with her own funds that it could not be specifically designated, and it having been transferred to the son long after it was transferred to the bank by the mother, evidence *held* not to show that plaintiff was the owner of it.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by V. S. Watson, as next friend for Frederick Chester Selby, Jr., against the First State Bank of Dallas. From judgment for defendant, plaintiff appeals. Affirmed.

McCutcheon & Church, of Dallas, for appellant.

Thomas, Milam & Touchstone, of Dallas, for appellee.

RAINEY, C. J. Appellant, as next friend, sued appellee to recover the sum of $2,108.35 in money deposited with said bank by said minor's mother with interest from January 23, 1918.

Defendant answered by general and special demurrers, general denial, etc. The case was submitted on special issues, and upon return by the jury of answers thereto the court gave judgment for appellee.

V. S. Watson, who sues as next friend for Frederick Chester Selby, Jr., was the stepfather of said Selby, Jr., he having married Stevie Selby, the surviving widow of Frederick Chester Selby, Sr., upon whose death she collected $3,000 in insurance and from a railroad company $5,000 on account of his death for herself and minor son. She intermingled the money of her son and herself so she could not specifically identify hers from the son's, and she deposited it with the defendant. In January, 1918, she entered into copartnership with one W. H. Elsberry under the firm name of Southern Hardwood Company, and soon thereafter she and Elsberry needed money for the business and borrowed some from appellee, and she and Elsberry executed their individual notes, and she placed as security the saving account book and its contents as collateral to said loan. Mrs. Selby and Elsberry received said loan, but thereafter this copartnership was dissolved, by which Mrs. Watson was retired from said partnership by Elsberry, who assumed all the indebtedness. Of this dissolution the bank was notified, and thereafter Elsberry renewed the obligations given by himself and Mrs. Watson, and nothing was said about returning the collateral put up by Mrs. Watson as security. This security is being sued for by Watson, the plaintiff. There was no agreement between the bank and the other parties that Mrs. Watson was to be released from the partnership debts of the firm of Southern Hardwood Company contracted while she was a member of said firm, and she was bound by the original contract of placing the collateral as security for said indebtedness, though she may be individually released from further liability, but not so as to the collateral security pledged. In executing her note and placing the security she contracted as follows:

"Having executed and delivered to the First State Bank, of Dallas, Texas, a promissory note, dated Dallas, Texas, 3/21, 1917, for the sum of $2,500.00, due June 15, 1917, payable to the order of said First State Bank, and for the purpose of securing said note, and all other indebtedness to said First State Bank now existing or which may hereafter arise on which we now or may hereafter become liable as principal debtor or otherwise, do hereby pledge, transfer and deliver to said First State Bank the following securities: My funds in Marshall National Bank as evidenced by my passbook No. 277 showing a balance of $1,500.00 and my funds in the First State Bank of Dallas as evidenced by my passbook No. 1051, together with the accrued interest on both such accounts for which checks attached hereto are this day given."

Nothing was ever said by Mrs. Watson to the bank about its surrendering the security to her, and the bank officers all swear that the renewal, or the giving of the third and fourth notes by Elsberry without the joinder of Mrs. Watson with him, was an oversight and was never intended by the bank as an extinguishment of said obligation as to her. As the third and fourth notes were executed by Elsberry as a renewal of the obligation, it did not operate to release Mrs. Watson as to the collateral, as the bank was not a party to the agreement with Watson and the old obligation of Mrs. Watson had never been paid. Besides, the transfer of said security was in writing and so worded as to secure any other indebtedness to the bank.

As the money was so blended and intermingled by Mrs. Watson that it could not be specifically designated, and it having been transferred to the boy long after it had been transferred to the bank by Mrs. Watson, the proof fails to show that plaintiff is the owner of it.

We think, under the evidence adduced, the proper judgment was entered, and it is affirmed.

Affirmed.